[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-14227

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

                                                            Plaintiff-Appellee,

versus

FELIX MANUEL HERNANDEZ,

                                                            Defendant- Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:17-cr-20609-PCH-1

_____

Before WILSON, LUCK, and ANDERSON, Circuit Judges.

PER CURIAM:

Felix Hernandez admitted to violating the conditions of his supervised release and was sentenced to eight months in prison, followed by twenty-four months of supervised release, for his violations. He argues that his sentence is substantively unreasonable. We affirm.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Hernandez pleaded guilty to possession of a firearm and ammunition by a felon, in violation of 18 U.S.C. section 922(g)(1). The district court sentenced him to twenty-one months in prison, followed by three years of supervised release.

After serving his term of imprisonment and five months of his term of supervised release, Hernandez admitted to four violations of his supervised release conditions: (1) "failure to register / participate in an Anger Control / Domestic Violence Program"; (2) "failure to perform community service as directed"; (3) "failure to participate in the Home Detention Electronic Monitoring Program"; and (4) "failure to submit a truthful and complete written report." The district court revoked Hernandez's supervised release and sentenced him to five months in prison, followed by thirty-one months of supervised release. The district court ordered him to self-surrender.

Instead of surrendering, Hernandez "cut off his ankle monitoring bracelet and absconded" for five months. The district court issued a warrant for his arrest on two supervised release violations: (1) escape; and (2) failure to notify probation of a change in residence. A grand jury also indicted Hernandez for failure to appear, in violation of 18 U.S.C. section 3146(a)(2), and contempt of court, in violation of 18 U.S.C. section 401(3). Hernandez was arrested and served the five-month sentence for the first four supervised release violations.

Hernandez pleaded guilty to the failure to appear charge and admitted to the two new supervised release violations, and in exchange, the government dismissed the contempt charge. The district court sentenced Hernandez to eight months for the failure to appear charge, running consecutively to the sentence imposed for his supervised release violations.

Because Hernandez admitted to the two supervised release violations, the district court revoked his supervised release and sentenced him to thirty-one months of supervised release. The district court ordered him to live in a "halfway house" for the first six months of his supervised release.

Hernandez served his sentence on the failure to appear charge and then began his supervised release. He stayed at a halfway house for less than a week before he was discharged for failing to complete a required tuberculosis test. When he arrived at the halfway house, he took a drug test, which came back positive for marijuana. Hernandez admitted to two more supervised release

violations:  (1) failing to live in a halfway house for six months as ordered; and (2) "unlawfully possessing or using a controlled substance" (the marijuana).  Hernandez's probation officer saw that Hernandez "had once again cut off his electronic monitoring ankle bracelet," and Hernandez told the probation officer that "location monitoring [wa]s not for him."

The district court held a sentencing hearing on the halfway house and marijuana violations.  The parties agreed that the guideline range for Hernandez's sentence was between five and eleven months in prison.

The government asked the district court to sentence Hernandez to eleven months in prison.  The government discussed Hernandez's history of supervised release violations and contended that the violations showed "a total lack of respect for authority."  The government asked for an eleven-month sentence "to promote respect for the law, provide much needed specific deterrence, and reflect the seriousness of [Hernandez's] recidivist behavior."  Based on Hernandez's "history and characteristics," the government argued, an eleven-month sentence was necessary to "get[] through" to him "to promote respect for the law" and for the district court's orders.

The probation office agreed with the government and recommended following the eleven months in prison with twenty-four months of supervised release because "Hernandez need[ed] more time on supervision to try to get adjusted."  The probation office advised that Hernandez could benefit from its resources for

"reestablishing family ties [and] employment" and for "living a drug-free lifestyle."

Hernandez asked for a five-month term of imprisonment. He said that he "had difficulty accepting that he ha[d] to get permission" to "go to his son's birthday," get a haircut, go to the store to "buy [his] baby milk," and do "other various things." He also argued that he did not use drugs after he tested positive for marijuana and that he was not "going out committing a lot of new crimes."

The district court "considered the recommendations of the parties" and "the information contained in the violation report" from the probation office. "[P]ursuant to the Sentencing Reform Act of 1984," the district court revoked Hernandez's supervised release and sentenced him to eight months in prison, followed by twenty-four months of supervised release.

## STANDARD OF REVIEW

We review the substantive reasonableness of a sentence for an abuse of discretion. *United States v. Early*, 686 F.3d 1219, 1221 (11th Cir. 2012). A district court "abuses its considerable discretion and imposes a substantively unreasonable sentence only when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Rosales-Bruno*, 789 F.3d 1249, 1256 (11th Cir. 2015) (quotation omitted). "Because that

rarely happens, it is only the rare sentence that will be substantively unreasonable." *Id.* (quotation omitted). "The party challenging the sentence bears the burden of establishing that the sentence is unreasonable in light of the record and the [18 U.S.C. section] 3553(a) factors." *Early*, 686 F.3d at 1221.

## DISCUSSION

Hernandez argues that the district court abused its discretion in relying too heavily on his prior supervised release violations to determine his sentence. He points out that he had already served his five months in prison for his first four violations, and he contends that the district court erred in disregarding "his attempts to be an active participant in his son's life" and "his lack of positive drug tests" after he tested positive for marijuana at the halfway house. Hernandez also asserts that the district court's "eight-month sentence far exceeds what is needed in order to achieve the important goals of individual and general deterrence, rehabilitation, and punishment" and that the district court disregarded that the "extended period of incarceration" would be "particularly difficult on . . . Hernandez and the mother of his child" because he "is incarcerated and unable to care for his son."

"We examine whether a sentence is substantively unreasonable in light of the [section] 3553(a) factors and the totality of the circumstances." *United States v. Joseph*, 978 F.3d 1251, 1265 (11th Cir. 2020). The section 3553(a) factors include: (1) the "nature and circumstances" of the offenses and the "history and characteristics of the defendant"; (2) the need to "reflect the seriousness" of the

21-14227                Opinion of the Court                    7

offenses, "promote respect for the law," and "provide just punish-ment" for the offenses; (3) the "need for deterrence"; (4) the "need to protect the public"; (5) the "need to provide the defendant with needed educational or vocational training or medical care"; (6) the "kinds of sentences available"; (7) the "Sentencing Guidelines range"; (8) "pertinent policy statements of the Sentencing Commis-sion"; (9) the "need to avoid unwarranted sentencing disparities"; and (10) the "need to provide restitution to victims." *Id.* at n.17 (citing 18 U.S.C. § 3553(a)). "The district court need not explicitly articulate that it has considered the [section] 3553(a) factors and need not discuss each factor." *United States v. Flores*, 572 F.3d 1254, 1270 (11th Cir. 2009) (alteration adopted and quotation omit-ted). "A lengthy discussion is not required in the typical case, so long as the district court sets forth enough to satisfy [us] that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." *Id.* at 1270–71 (alteration adopted and quotation omitted). "A district court's unjustified reliance on a single [section] 3553(a) factor may be a symptom of an unreasonable sentence," but "such a sentence is not necessarily unreasonable . . . [because] the weight to be accorded any given [section] 3553(a) factor is a matter committed to the sound discretion of the district court." *United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008) (alteration adopted and quota-tions omitted).

The district court stated that it "considered the recommen-dations of the parties" and "the information contained in the

violation report" from the probation office, and that in imposing Hernandez's sentence, it acted "pursuant to the Sentencing Reform Act of 1984," which includes section 3553(a). *See* Sentencing Reform Act of 1984, Pub. L. No. 98-473, 98 Stat. 1987, 1989–90. The government, in its arguments, had mentioned Hernandez's "history and characteristics" and the need "to promote respect for the law, provide much needed specific deterrence, and reflect the seriousness of [Hernandez's] recidivist behavior." It follows that because the district court considered the government's arguments, it considered the section 3553(a) factors mentioned in those arguments.

The district court imposed a mid-guideline range sentence. "Even though a sentence is not per se reasonable by virtue of residing within the [guideline] range, there is a range of reasonable sentences from which the district court may choose, and when the district court imposes a sentence within the advisory [guideline] range, we ordinarily will expect that choice to be a reasonable one." *Flores*, 572 F.3d at 1271 (emphasis and quotation omitted).

Hernandez has not shown that the district court relied too heavily on his history of supervised release violations. Although the district court considered Hernandez's history in determining his sentence, it also considered other section 3553(a) factors. Further, his repeated violations showed that he lacked respect for the law and thus needed a sentence that could promote respect for the law and deter him from future misconduct.

Hernandez's sentence is not one of the "rare" substantively unreasonable sentences resulting from an abuse of a district court's "considerable discretion" in sentencing. *Rosales-Bruno*, 789 F.3d at 1256. Because Hernandez's sentence is substantively reasonable, we affirm.

**AFFIRMED.**